[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Defendant filed a Motion for Modification of Visitation. The Court held an extensive hearing in regards to the issue raised.
This court finds that there has been a substantial change in circumstances in that the defendant, verified by letter, has obtained a job in Rhode Island and will be moving there. That is the sole and only reason why this court shall grant the Motion to Modify. If for any reason the defendant no longer lives in Rhode Island, this visitation schedule shall remain in full force and effect, unless the defendant moves further than the effective mileage from Fairfield to Newport, Rhode Island. If he moves further from the children, then a new motion to modify would be appropriate.
This court further finds that both parties are equally responsible for the antagonistic feelings that exist; the mother through her attempts to disrupt the father's relationship with his daughters; and the father due to his inability to see that he is also a problem to his own relations with his daughters. If these two parties continue on their present course, their children shall be forever and irreparably harmed. From the history in this file, it appears that the court (through several judges) has more concern for the damage being done to these children in the name of love, than the parents. This must serve as the wake-up notice to the parents that their children can not continue to be used as a weapon against the other. Both parties are equally guilty of this crime. These orders of visitation apply to Kristen and Alexandra. The parties have done so much damage to the oldest child Kali that this court at the advise of the counsel for the minor children orders that any visitation by Kali shall be at her selection. Both parties are ordered not to CT Page 9171 discuss any of these matters with the children and to apply no pressure to the children to sway them one way or the other. However, they may and they should encourage a relationship with the other parent.
The court orders as follows:
The parties shall have joint legal custody of the children, physical custody to the mother. The parties shall confer and consult regarding major decisions affecting the health, education and welfare of the children. However, in the event the parties are unable to agree, the mother has final decision making authority.
The father's visitation is ordered as follows:
During the summer: Alternating weekends commencing on Friday at 9:00 a.m. until Sunday at 8:30 p.m.
During the school year: Alternating weekends commencing after school on Friday until Sunday at 7:00 p.m. (The children are to picked up by the defendant at their respective schools.)
During the summer and during the school year the father shall provide dinner to the children on Sunday.
This commences July 1, 1999 with the mother having the children the weekend of July 2-5. The father's visitation weekend is July 9-11, then alternating thereafter.
During the summer the father shall have four non-consecutive weeks with the children, these weeks shall commence or end to include his alternating weekend visitations. For example, if he selects the week of July 12th, his visitation begins on Friday July 9th and goes until Friday July 16th at noon; if he selects the week of July 19th, visitation begins on Monday July 19th at 9:00 am and goes until Sunday July 25th at 8:30 p.m. The father must select the weeks and send written notice to the mother by July 9, 1999 and every March 1st thereafter.
If there are two one-week school vacations in February and in April, the parties shall alternate weeks. The father shall have February, 2000 and the mother April 2000. Thereafter the parties shall alternate weeks. CT Page 9172
If there is one one-week vacation the parties shall alternate each year, the mother shall have the vacation in 2000, the father shall have vacation in 2001.
These week vacations shall respect the alternating weekend vacation of the other party as stated above regarding summer weeks.
The Easter holiday shall be alternated yearly, irrespective of the alternating weekend visitation schedule. The father shall have Easter, 2000, the mother Easter 2001 and alternate thereafter.
The Thanksgiving holiday shall alternate in full each year. The Father shall have visitation Thanksgiving, 1999 from after school to Sunday at 7:00pm, the Mother shall have Thanksgiving, 2000, then alternating thereafter.
The Christmas/New Years vacation shall be divided equally between the parties. The father in 1999 shall have the first half visitation with the children (beginning after school), the mother in 1999 shall have the second half. In 2000, the mother shall have the first half, the father the second half (ending at 7:00 p.m. on the last day of vacation), and alternate thereafter.
If the father's visitation weekend falls on the three day weekend, such as Labor Day or Columbus Day, his weekend visitation shall extend into the third day and terminate or begin with that third day, be it a Friday or Monday.
No special provisions are made for any other holidays (such as Mothers and Fathers Day) or birthdays of the parties or of the children. The parties must have the structure of alternating weekends and learn to celebrate with the children when they are scheduled to exercise their visitation. The order for alternating weekends shall be scheduled so that no party goes more than one weekend without the children. For example after the Christmas/New Years in 1999/2000, the father shall have visitation on January8-10, then the alternating weekends recommence.
The father shall bear all of the burden of transporting the children to and from his visitations.
Each party may telephone the children ONCE a day when the children are with the other parent, except when the other parent CT Page 9173 is exercising a full week in the summer or school vacation with the children. Both parents must make the children available for such call between 7:30 p.m. and 8:00 p.m. Both parties MUST have an answering machine available to take the call of the other parent if a special circumstance arises which makes it impossible for the one evening call to be answered by the children. That parent must then, immediately that evening when they return home, have the children call the other parent. The only time this once a day rule may be extended is in the case of an emergency. The children shall be able to talk to the parent on the phone without the other parent being in the room. The children should be encouraged to call the other parent at any time they wish.
The defendant shall provide to the plaintiff his address and telephone number by July 9, 1999 and immediately upon any change thereof.
FRANKEL, J.